IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA | **I N D I C T M E N T** |
| v. | Case No. _____ |
| JUAN CARLOS GUTIERREZ and<br>TAYONNA ROSE HUNT,<br>a/k/a ROSIE | Violations:  21 U.S.C. §§ 843(b) and 846;<br>and 18 U.S.C. §§ 924(c)(1)(A), 1956(h),<br>and 2 |

COUNT ONE

**Conspiracy to Possess with Intent to Distribute and
Distribute Controlled Substances**

The Grand Jury Charges:

From in or about 2023 to the date of this Indictment, in the Districts of North Dakota, Southern District of Texas and elsewhere,

JUAN CARLOS GUTIERREZ and
TAYONNA ROSE HUNT, a/k/a ROSIE,

did knowingly and intentionally combine, conspire, confederate, and agree together and with others, both known and unknown to the grand jury, to possess with intent to distribute and distribute a mixture and substance containing a detectable amount of fentanyl (a/k/a "N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide"), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

DRUG QUANTITY

With respect to JUAN CARLOS GUTIERREZ and TAYONNA ROSE HUNT, a/k/a ROSIE, the amount of fentanyl (a/k/a "N-phenyl-N-[1-(2-phenylethyl)-4-

piperidinyl] propanamide") involved in the conspiracy attributable to each of these individuals as a result of that individual's own conduct, and the conduct of other conspirators reasonably foreseeable to that individual, is 40 grams or more of a mixture and substance containing a detectable amount of fentanyl (a/k/a "N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide"), in violation of Title 21, United States Code, Section 841(b)(1)(B).

## OVERT ACTS

In furtherance of this conspiracy and to effect and accomplish the objects of it, one or more of the conspirators committed the following overt acts:

1. It was a part of said conspiracy that one or more of the conspirators traveled between the states of North Dakota, Southern District of Texas, and elsewhere, to obtain, transport, and distribute fentanyl;

2. It was further a part of said conspiracy that one or more of the conspirators used communication facilities, including but not limited to United Parcel Service and United States Postal Service, to mail and ship United States currency and fentanyl from outside the state of North Dakota into the state of North Dakota to facilitate the distribution of fentanyl;

3. It was further a part of said conspiracy that the conspirators and others would and did distribute and possess with intent to distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, on or near the Turtle Mountain Indian Reservation, North Dakota; Spirit Lake Indian Reservation, North Dakota; Devils Lake, North Dakota; and elsewhere;

4. It was further a part of said conspiracy that certain conspirators sought and located users of fentanyl to purchase controlled substances from other conspirators;

5. It was further a part of said conspiracy that certain conspirators sought and located sub-distributors of fentanyl for other conspirators;

6. It was further a part of said conspiracy that one or more conspirators received money wire transfers, including but not limited to CashApp (Block, Inc.) and Walmart-to-Walmart (RIA Financial), that were proceeds of fentanyl sales;

7. It was further a part of said conspiracy that one or more conspirators sent money wire transfers that were proceeds of fentanyl sales;

8. It was further a part of said conspiracy that one or more of the conspirators traveled between the states of North Dakota, Southern District of Texas and elsewhere, via bus, automobile (including rental vehicles), airplane, and other means of transportation for purposes of obtaining and distributing controlled substances, and collecting and distributing proceeds of drug distribution activity;

9. It was further a part of said conspiracy that one or more conspirators rented and occupied apartments, trailer homes, houses, and hotel rooms in North Dakota, and elsewhere, from which to store, possess, and distribute fentanyl;

10. It was further a part of said conspiracy that conspirators utilized residences on or near the Turtle Mountain Indian Reservation, North Dakota; Spirit Lake Indian Reservation, North Dakota; Devils Lake, North Dakota; and elsewhere, to store, conceal, and distribute controlled substances, and to store and conceal the proceeds of drug trafficking conduct;

11. It was further a part of said conspiracy that one or more conspirators collected money from other persons to purchase fentanyl;

12. It was further a part of said conspiracy that one or more conspirators would and did attempt to conceal their activities;

13. It was further a part of said conspiracy that one or more conspirators would and did use United States currency in their drug transactions;

14. It was further a part of said conspiracy that one or more conspirators would and did use telecommunication facilities, including cellular telephones, to facilitate the distribution of fentanyl; and

15. It was further a part of said conspiracy that one or more conspirators would and did use social media websites, including but not limited to WhatsApp and Facebook, to facilitate the distribution of fentanyl;

In violation of Title 21, United States Code, Section 846 and Pinkerton v. United States, 328 U.S. 640 (1946).

COUNT TWO

**Money Laundering Conspiracy**

The Grand Jury Further Charges:

From in or about 2023 and continuing through the date of this Indictment, in the Districts of North Dakota, Southern District of Texas, and elsewhere,

JUAN CARLOS GUTIERREZ and
TAYONNA ROSE HUNT, a/k/a ROSIE,

did knowingly combine, conspire, and agree with one or more persons, both known and unknown to the grand jury, to commit offenses against the United States, in violation of Title 18, United States Code, Section 1956(h), to wit: to knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce, which involved the proceeds of a specified unlawful activity, that is, knowingly and intentionally distributing controlled substances: (a) with intent to promote the carrying on of the specified unlawful activity; and (b) knowing that the transaction is designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i);

MANNER AND MEANS

The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

1.  JUAN CARLOS GUTIERREZ and TAYONNA ROSE HUNT, a/k/a ROSIE, and co-conspirators acquired fentanyl, a Schedule II controlled substance,

outside of the District of North Dakota, to include Southern District of Texas, for distribution. The fentanyl was thereafter transported through, and distributed in, the District of North Dakota, and elsewhere, during the time frame of the conspiracy;

      2.      Members of the controlled substance distribution conspiracy organization would sell fentanyl and currency would be collected and transferred from one person to another to continue the ongoing illegal activity; and

      3.      During the course of this conspiracy, persons both known and unknown to the grand jury utilized money transfer services, such as CashApp (Block, Inc.), Walmart-to-Walmart (RIA Financial), and MoneyGram money services to wire and transfer proceeds of the illegal drug sales from North Dakota and elsewhere, with intent to disguise and conceal the nature, location, source, ownership, and control of the proceeds of the drug trafficking activity, and to promote and continue the distribution activity;

      In violation of Title 18, United States Code, Section 1956(h).

## COUNT THREE

### Illegal Use of Communication Facility

The Grand Jury Further Charges:

From in or about 2023 through in or about the date of the Indictment, in the Districts of North Dakota, Southern District of Texas, and elsewhere,

JUAN CARLOS GUTIERREZ and
TAYONNA ROSE HUNT, a/k/a ROSIE,

individually, and by aiding and abetting, knowingly and intentionally used any communication facility, specifically, the United States Postal Service, in facilitating the commission of any act or acts constituting a felony under Title 21, United States Code, Sections 841 and 846, that is, the offense set forth in Count One of this Indictment, which are incorporated by reference herein;

In violation of Title 21, United States Code, Section 843(b), and Title 18, United States Code, Section 2.

## COUNT FOUR

**Possession of a Firearm in Furtherance of a Drug Trafficking Crime**

The Grand Jury Further Charges:

In or about 2023, in the District of North Dakota,

TAYONNA ROSE HUNT, a/k/a ROSIE,

possessed one or more firearms, in furtherance of a drug trafficking crime for which TAYONNA ROSE HUNT, a/k/a ROSIE, may be prosecuted in a court of the United States, to wit:  Conspiracy to Possess with Intent to Distribute and Distribute Controlled Substances, as set forth in Count One of this Indictment;

In violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

PRIOR CONVICTION – JUAN CARLOS GUTIERREZ

In accordance with Title 21, United States Code, Section 841(b)(1)(A), the grand jury finds the following:

That JUAN CARLOS GUTIERREZ has a prior final conviction for a "serious drug felony," specifically: a conviction in United States District Court, District of North Dakota, Case No. 3:18-cr-00019, on or about July 25, 2018, for Conspiracy to Distribute and Possession with Intent to Distribute a Controlled Substance, in violation of Title 21, United States Code, Section 846;

1. JUAN CARLOS GUTIERREZ "served a term of imprisonment of more than 12 months" for the above-described conviction;

2. JUAN CARLOS GUTIERREZ was last released from service of "any term of imprisonment" for the above-described conviction within 15 years of the commencement of the instant offense conduct alleged against him in this Indictment; and

3. The instant offense in Count One of this Indictment commenced in or about 2023.

A TRUE BILL:

/s/ Foreperson
Foreperson

/s/ Mac Schneider
MAC SCHNEIDER
United States Attorney

DMD/vt